**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DIANNA LYNN GORTON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>NANCY A. BERRYHILL, Acting<br>Commissioner of Social Security,<br><br>　　　　　Defendant. | NO. ED CV 17-259-E<br><br><br><br>**MEMORANDUM OPINION** |

**PROCEEDINGS**

Plaintiff filed a Complaint on February 14, 2017, seeking review of the Commissioner's denial of benefits. The parties filed a consent to proceed before a United States Magistrate Judge on March 7, 2017. Plaintiff filed a motion for summary judgment on August 15, 2017. Defendant filed a motion for summary judgment on September 15, 2017. The Court has taken both motions under submission without oral argument. See L.R. 7-15; "Order," filed February 15, 2017.

///
///

**BACKGROUND**

In June of 2013, Plaintiff filed claims for disability insurance benefits and supplemental security income, asserting an inability to work since February 28, 2010 (Administrative Record ("A.R.") 242, 250). Plaintiff later amended her alleged disability onset date to December 22, 2012, because the Administration had denied Plaintiff's prior application for disability benefits on December 21, 2012 (A.R. 34-35).

An Administrative Law Judge ("ALJ") examined the medical record and heard testimony from Plaintiff and a vocational expert (A.R. 9-470). The ALJ found Plaintiff has severe physical and mental impairments but retains the residual functional capacity to perform a reduced range of light work (A.R. 15-23). With regard to Plaintiff's mental limitations, the ALJ determined that Plaintiff "is limited to unskilled work; she is precluded from fast-paced work like assembly line work or conveyor belt work; and she is limited to occasional public contact" (A.R. 18). The ALJ also believed that Plaintiff must avoid "concentrated noise such as that found in a construction workplace or loud restaurant" (id.)

In reliance on the testimony of the vocational expert, the ALJ found Plaintiff can perform work that exists in significant numbers in the national economy (A.R. 24-25). The ALJ deemed Plaintiff's contrary testimony not fully credible (A.R. 19-23). The Appeals Council denied review (A.R. 2-4).

///

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards. See Carmickle v. Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007); see also Brewes v. Commissioner, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted); see also Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006).

> If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ. But the Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [administrative] conclusion.

Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citations and quotations omitted).

///
///
///
///

**DISCUSSION**

After consideration of the record as a whole, Defendant's motion is granted and Plaintiff's motion is denied. The Administration's findings are supported by substantial evidence and are free from material[1] legal error. Plaintiff's contrary arguments are unavailing.

The ALJ found that, despite Plaintiff's limitations, Plaintiff can perform work existing in significant numbers in the national economy. Notwithstanding any ultimately harmless errors possibly committed by the ALJ, substantial evidence supports this decisive finding.

The vocational expert testified, inter alia, that there exist 426,000 "marker" jobs in the national economy (A.R. 56). The ALJ properly could rely on this testimony as proving the existence of significant numbers of "marker" jobs. See Gutierrez v. Commissioner, 740 F.3d 519, 529 (9th Cir. 2014); Barker v. Secretary of Health and Human Services, 882 F.2d 1474, 1478-80 (9th Cir. 1989). Moreover, by not challenging this testimony before the ALJ, Plaintiff waived her right to do so. See Shaibi v. Berryhill, 2017 WL 3598085, at *6 (9th Cir. Aug. 22, 2017) ("when a claimant fails entirely to challenge a vocational expert's job numbers during administrative proceedings before the agency, the claimant waives such a challenge on appeal at

---

[1] The harmless error rule applies to the review of administrative decisions regarding disability. See Garcia v. Commissioner, 768 F.3d 925, 932-33 (9th Cir. 2014); McLeod v. Astrue, 640 F.3d 881, 886-88 (9th Cir. 2011).

least when that claimant is represented by counsel").

Contrary to Plaintiff's arguments, substantial evidence supports the conclusion that the job of "marker" may be performed by a person limited to the ability to perform unskilled "Level 2 reasoning"[2] jobs not involving fast paced work or more than occasional public contact and not involving a "concentrated noise environment." The vocational expert essentially so testified in response to questioning by the ALJ and Plaintiff's counsel (A.R. 55-59). "[A]t least in the absence of any contrary evidence, a VE's [vocational expert's] testimony is one type of job information that is regarded as inherently reliable. . . ." Buck v. Berryhill, 2017 WL 3862450, at *7 (9th Cir. Sept. 5, 2017); see Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005) ("A VE's recognized expertise provides the necessary foundation for his or her testimony. Thus, no additional foundation is required").

Plaintiff may argue that the vocational expert's testimony conflicted with the Dictionary of Occupational Titles ("D.O.T."). At least with respect to the job of "marker," no material conflict existed. "For a difference between an expert's testimony and the [D.O.T.'s] listings to be fairly characterized as a conflict, it must be obvious or apparent." Gutierrez v. Colvin, 844 F.3d 804, 808 (9th Cir. 2016). There existed no "obvious or apparent" difference between the vocational expert's testimony and the D.O.T. which was material to

---

[2] Level 2 reasoning requires the worker to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions." Dictionary of Occupational Titles Appendix C. The ALJ did <u>not</u> find that Plaintiff is limited to Level 2 reasoning (A.R. 18).

the conclusion Plaintiff can perform the job of "marker."  For example, although Plaintiff argues that her preclusion from work in an environment of "concentrated noise" prevents her from performing the job of "marker," the D.O.T. describes the noise level of the "marker" job environment as only "moderate."  D.O.T. § 209.587-034.

Contrary to Plaintiff's arguments, substantial medical evidence supports the conclusion Plaintiff can perform the job of "marker" despite her mental limitations.  The consultative examining psychologist opined that Plaintiff "would be able to understand, remember and carry out short, simplistic instructions with no difficulty" and would have only "mild difficulty to understand, remember and carry out detailed and complex instructions" (A.R. 389). State agency review physicians opined Plaintiff can understand, remember and carry out simple job instructions, maintain attention and concentration and perform work that requires direction from others (A.R. 123, 156).  Plaintiff stresses the contrary opinions of Patricia E. Prickett, M.F.T., but Ms. Prickett is not an acceptable medical source under the applicable regulations.  See 20 C.F.R. §§ 404.1513(a), (d)(1).[3]  In any event, it was the prerogative of the ALJ to resolve conflicts in the medical evidence.  See Lewis v. Apfel, 236 F.3d 503, 509 (9th Cir. 2001).  When evidence "is susceptible to more than one rational interpretation," the Court must uphold the administrative decision.  See Andrews v. Shalala, 53 F.3d 1035, 1039-40 (9th Cir. 1995); accord Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir.

---

[3] This version of the regulations applies to claims filed before March 27, 2017.

1997). The Court will uphold the ALJ's rational interpretation of the evidence in the present case notwithstanding any conflicts in the record.

Other evidence also supports the ALJ's conclusion Plaintiff retains the capacity to work notwithstanding her mental limitations. Plaintiff's mental problems reportedly originated from a brain injury suffered in 1979 (A.R. 39). Nevertheless, Plaintiff worked more than ten years thereafter (A.R. 38). A claimant's demonstrated ability to work despite an impairment militates against a conclusion of disability. See Bray v. Commissioner, 554 F.3d 1219, 1227 (9th Cir. 2009); Johnson v. Bowen, 864 F.2d 340, 347-48 (5th Cir. 1988); Ray v. Bowen, 813 F.2d 914, 917 (9th Cir. 1987); Baker v. Gardner, 388 F.2d 493, 494 (5th Cir. 1968). Plaintiff reportedly looked for work even after leaving her last job in 2010 (A.R. 38-39). Her job search may well have occurred after her original February 28, 2010 alleged onset date. The fact that a claimant has sought out employment can weigh against a finding of disability. See Bray v. Commissioner of Social Security Admin., 554 F.3d at 1227; see also Ghanim v. Colvin, 763 F.3d 1154, 1165 (9th Cir. 2014) ("continued receipt" of unemployment benefits can cast doubt on a claim of disability); but see Webb v. Barnhart, 433 F.3d 683, 688 (9th Cir. 2005) ("That Webb sought employment suggests no more than that he was doing his utmost, in spite of his health, to support himself"). Although the evidence is somewhat conflicting, Plaintiff herself stated she is capable of handling a checking account (A.R. 61). It is also significant that Plaintiff conceded her psychiatric medications help her "a lot" (A.R. 48; see A.R. 40, 53). Impairments that can be controlled effectively

with medication are not disabling.  See Warre v. Commissioner, 439 F.3d 1001, 1006 (9th Cir. 2006).[4]

Contrary to Plaintiff's apparent arguments, the ALJ's residual functional capacity assessment and the hypothetical questioning of the vocational expert need not have included all conceivable limitations that a favorable interpretation of the record might suggest to exist - only those limitations the ALJ actually found to exist.  See, e.g., Bayliss v. Barnhart, 427 F.3d at 1217-18; Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001); Magallanes v. Bowen, 881 F.2d 747, 756-57 (9th Cir. 1989); Martinez v. Heckler, 807 F.2d 771, 773-74 (9th Cir. 1986).  Given the evidence previously discussed, there was no material omission from either the residual functional capacity assessment or the questioning of the vocational expert.

Finally, the ALJ did not materially err[5] in discounting Plaintiff's credibility.  An ALJ's assessment of a claimant's credibility is entitled to "great weight."  Anderson v. Sullivan, 914 F.2d 1121, 1124 (9th Cir. 1990); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1985).  Where the ALJ finds that the claimant's medically determinable impairments reasonably could be expected to cause some degree of the alleged symptoms of which the claimant subjectively complains, any discounting of the claimant's complaints must be

---

[4]   Plaintiff sometimes has gone off her medications (A.R. 382).

[5]   Under the circumstances of this case, the boilerplate language in the last paragraph on page 19 of the Administrative Record constitutes immaterial error.  See Laborin v. Berryhill, 2017 WL 3496031 (9th Cir. Aug. 16, 2017).

supported by specific, cogent findings.  See Berry v. Astrue, 622 F.3d 1228, 1234 (9th Cir. 2010); Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995); but see Smolen v. Chater, 80 F.3d 1273, 1282-84 (9th Cir. 1996) (indicating that ALJ must offer "specific, clear and convincing" reasons to reject a claimant's testimony where there is no evidence of malingering).[6]  An ALJ's credibility findings "must be sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony."  Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004) (internal citations and quotations omitted); see Social Security Ruling 96-7p (explaining how to assess a claimant's credibility), superseded, Social Security Ruling 16-3p (eff. March 28, 2016).[7]  As discussed below, the ALJ stated sufficient reasons for

---

[6] In the absence of an ALJ's reliance on evidence of "malingering," most recent Ninth Circuit cases have applied the "clear and convincing" standard.  See, e.g., Brown-Hunter v. Colvin, 806 F.3d 487, 488-89 (9th Cir. 2015); Burrell v. Colvin, 775 F.3d 1133, 1136-37 (9th Cir. 2014); Treichler v. Commissioner, 775 F.3d 1090, 1102 (9th Cir. 2014); Ghanim v. Colvin, 763 F.3d at 1163 n.9; Garrison v. Colvin, 759 F.3d 995, 1014-15 & n.18 (9th Cir. 2014); see also Ballard v. Apfel, 2000 WL 1899797, at *2 n.1 (C.D. Cal. Dec. 19, 2000) (collecting earlier cases).  In the present case, the ALJ's findings are sufficient under either standard, so the distinction between the two standards (if any) is academic.

[7] Social Security Rulings ("SSRs") are binding on the Administration.  See Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).  The appropriate analysis in the present case would be substantially the same under either SSR 96-7p or SSR 16-3p.  See R.P. v. Colvin, 2016 WL 7042259, at *9 n.7 (E.D. Cal. Dec. 5, 2016) (observing that only the Seventh Circuit has issued a published decision applying Ruling 16-3p retroactively; also stating that Ruling 16-3p "implemented a change in diction rather than substance") (citations omitted); see also Trevizo v. Berryhill, 2017 WL 4053751, at *9 n.5 (9th Cir. Sept. 14, 2017)
(continued...)

deeming Plaintiff's subjective complaints less than fully credible.

The ALJ properly pointed out Plaintiff's level of admitted activities, which appears inconsistent with Plaintiff's claimed disability (A.R. 18, 22). Plaintiff admittedly shops, cleans the house, cooks, does laundry, goes out for walks, gets along with family and friends, goes to church and goes to the movies (A.R. 42, 304-05). Such activities can undercut a claimant's assertion of an inability to work. See, e.g., Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012); Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1175 (9th Cir. 2008); Thomas v. Barnhart, 278 F.3d at 958-59.

The ALJ also stressed the conservative nature of Plaintiff's medical treatment (A.R. 19-22). The conservative nature of a claimant's treatment properly may factor into the evaluation of the claimant's credibility. See Tommasetti v. Astrue, 533 F.3d 1035, 1039-40 (9th Cir. 2008); Parra v. Astrue, 481 F.3d 742, 751 (9th Cir. 2007), cert. denied, 552 U.S. 1141 (2008); Osenbrock v. Apfel, 240 F.3d 1157, 1166 (9th Cir. 2001).

The ALJ also relied on the objective medical evidence to conclude that Plaintiff's functional limitations are not as profound as Plaintiff claims (A.R. 18-23). While a lack of objective medical evidence to corroborate the claimed severity of alleged symptomatology cannot form the "sole" basis for discounting a claimant's credibility, the objective medical evidence is still a relevant factor. See Burch

---

[7](...continued)
(SSR 16-3p "makes clear what our precedent already required").

v. Barnhart, 400 F.3d 676, 680 (9th Cir. 2005); Rollins v. Massanari, 261 F.3d at 857.

To the extent one or more of the ALJ's stated reasons for discounting Plaintiff's credibility may have been invalid, the Court nevertheless would uphold the ALJ's credibility determination under the circumstances presented. See Carmickle v. Commissioner, 533 F.3d 1155, 1162-63 (9th Cir. 2008) (despite the invalidity of one or more of an ALJ's stated reasons, a court properly may uphold the ALJ's credibility determination where sufficient valid reasons have been stated). In the present case, the ALJ stated sufficient valid reasons to allow this Court to conclude that the ALJ discounted Plaintiff's credibility on permissible grounds. See Moisa v. Barnhart, 367 F.3d at 885. The Court therefore defers to the ALJ's credibility determination. See Lasich v. Astrue, 252 Fed. App'x 823, 825 (9th Cir. 2007) (court will defer to Administration's credibility determination when the proper process is used and proper reasons for the decision are provided); accord Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1464 (9th Cir. 1995).[8]

///
///
///
///

---

[8] The Court need not and does not determine herein whether Plaintiff's subjective complaints are credible. Some evidence suggests that those complaints may be credible. However, it is for the Administration, and not this Court, to evaluate the credibility of witnesses. See Magallanes v. Bowen, 881 F.2d at 750, 755-56.

**CONCLUSION**

For all of the foregoing reasons,[9] Plaintiff's motion for summary judgment is denied and Defendant's motion for summary judgment is granted.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: September 21, 2017.

                                          /s/
                            CHARLES F. EICK
              UNITED STATES MAGISTRATE JUDGE

---

[9] The Court has considered and rejected each of Plaintiff's arguments. Neither Plaintiff's arguments nor the circumstances of this case show any "substantial likelihood of prejudice" resulting from any error allegedly committed by the Administration. See generally McLeod v. Astrue, 640 F.3d 881, 887-88 (9th Cir. 2011) (discussing the standards applicable to evaluating prejudice).